|  |  |
|---|---|
|  | **Hearing Date and Time:**<br>December 6, 2017 – 11 a.m. |
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | **Objection Deadline Date and Time:**<br>November 29, 2017 – 4 p.m. |

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | Case No. 09-12512-(SHL) |
| WATERFORD WEDGWOOD USA, INC., | : | (Jointly Administered) |
| *et al.,* | : | |
| Debtors. | : | Case Nos. 09-12513, 09-12559, 09- |
| | : | 12562, 09-12570, 09-12574, 09-12577, |
| | : | 09-12598, 09-12602, 09-12611, 09- |
| | : | 12614, 09-12618 and 09-12619 (SHL) |
| | : | |

# NOTICE OF HEARING FOR MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTORS' ESTATES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED

**PLEASE TAKE NOTICE** that a hearing will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, on December 6, 2017 at 11 a.m., or as soon thereafter as counsel may be heard, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, to consider the Motion of John S. Pereira, Chapter 7 Trustee (the "Trustee"), for an Order Approving the Sale of Certain Assets of the Debtors' Estates Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief (the "Motion"). The Motion will be on file with the Clerk of the Bankruptcy Court, may be examined during normal business hours, and a copy may be obtained from the undersigned.

**PLEASE TAKE FURTHER NOTICE** that as more particularly set forth in the Motion, the Trustee and Oak Point Partners, Inc. ("Oak Point") entered into a purchase agreement for the

sale of all remaining property of the Debtors' Estates, consisting of known or unknown claims, property rights, or assets, which have not been previously sold, assigned or transferred.

**PLEASE TAKE FURTHER NOTICE** that you do not need to appear at the Hearing if you do not object to the relief requested in the Motion.

**PLEASE TAKE FURTHER NOTICE** that any response to the Motion must be made in writing, state with particularity the grounds therefore, shall conform to the United States Bankruptcy Rules and the Local Rules of the Bankruptcy Court, and shall (a) be served upon: (i) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attention: Andy Velez-Rivera, Esq.); (ii) the Trustee, Pereira & Sinisi, LLP, 641 Lexington Ave., 13th Floor, New York, New York 10022 (Attn: John S. Pereira, Esq.), jpereira@pereiralaw.com; and (iii) counsel for Oak Point, Oak Point Partners, Inc., 5215 Old Orchard Rd., Ste. 965, Skokie, IL 60077 (Attn: Janice A. Alwin), janice@oakpointpartners.com; and (b) electronically filed with the Clerk of the Court through the Court's website at www.nysb.uscourts.gov, in accordance with General Order M-242 (General Orders and the User's Manual for the Electronic Case Filing System), with a copy to the Chambers of the Honorable Sean H. Lane, together with proof of service thereof, so as to be received no later than **4 p.m. Eastern Time on November 29, 2017 (the "Objection Deadline")**.

**PLEASE TAKE FURTHER NOTICE** that unless responses are received by the Objection Deadline as set forth herein, the relief may be granted as requested in the Motion.

Dated: New York, New York
      November 10, 2017

TROUTMAN SANDERS LLP

By: /s/ Hugh M. McDonald
    Hugh M. McDonald
    Brett D. Goodman
    875 Third Avenue
    New York, New York 10022
    Telephone: (212) 704-6000

*Attorneys for the Trustee*

|  |  |
|---|---|
|  | Hearing Date and Time:<br>December 6, 2017 – 11 a.m. |
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Objection Deadline Date and Time:<br>November 29, 2017 – 4 p.m. |

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | Case No. 09-12512-(SHL) |
| WATERFORD WEDGWOOD USA, INC., | : | (Jointly Administered) |
| *et al.,* | : | |
| Debtors. | : | Case Nos. 09-12513, 09-12559, 09- |
| | : | 12562, 09-12570, 09-12574, 09-12577, |
| | : | 09-12598, 09-12602, 09-12611, 09- |
| | : | 12614, 09-12618 and 09-12619 (SHL) |
| | : | |

**MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING
THE SALE OF CERTAIN ASSETS OF THE DEBTORS' ESTATES FREE
AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

**TO    THE HONORABLE SEAN H. LANE
        UNITED STATES BANKRUPTCY JUDGE:**

John S. Pereira (the "Trustee"), as chapter 7 trustee of the estates ("Estates") of the above-captioned debtors (the "Debtors"), by its undersigned counsel, seeking the entry of an order approving the sale of certain assets of the Debtors' Estates free and clear of liens, claims, interests and encumbrances pursuant to sections 105 and 363 of title 11 of the United States Code 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"), and such other, further and different relief as this Court may deem just and proper, respectfully states as follows:

**Jurisdiction**

1.    The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3.    This Court is the proper venue for this proceeding in accordance with 28 U.S.C. §§ 1408 and 1409.

33236358v3

4. The statutory predicates for the relief sought herein are sections 105(a) and 363 of the Bankruptcy Code, Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 6004-1, and 9006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

**Background**

5. On April 23, 2009, April 24, 2009 and April 27, 2009 (the "Petition Dates"), the Debtors respectively filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code, hereby commencing the above captioned, jointly administered bankruptcy cases.

6. On the respective Petition Dates, the United States Trustee appointed the Trustee as the interim chapter 7 trustee for the Debtors' Estates. On June 3, 2009, the Trustee qualified as, and became, the permanent chapter 7 trustee of the Debtors' bankruptcy cases.

7. Since his appointment, the Trustee has administered the Debtors' Estates for the benefit of the Debtors' creditors in accordance with its power and duties. The Trustee is now in the process of winding down the administration of these cases. To that end, the Trustee is engaged in efforts to ensure that the maximum value of the Estates' assets is realized, which efforts include pursuing the sale of any remaining assets.

8. The Trustee has determined that there may exist property of the Debtors' Estates that may be remaining, consisting of known or unknown assets or claims, which have not been previously sold, assigned, or transferred (the "Remnant Assets").

9. Pursuant to the negotiated purchase agreement attached hereto as Exhibit A (the "Purchase Agreement"), the Trustee proposes to sell the Remnant Assets to Oak Point in exchange for a payment of $10,000.00 to the Debtors' Estates (the "Purchase Price").

2

33236358v3

10. In accordance with the Purchase Agreement, the Remnant Assets expressly exclude: (a) any and all funds held by the Trustee in the Estates' bank accounts earmarked for distribution to creditors and/or payment of professional fees; and (b) the Purchase Price.

### **Private Sale**

11. The Trustee seeks to sell the Remnant Assets by private sale rather than a public sale pursuant to Rules 6004(f)(1) of the Bankruptcy Rules, which provides that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction."

12. In the Trustee's business judgment, the Remnant Assets are not the type of assets that are specifically identifiable, easily marketed or regularly sold, or have an aggregate gross value to the Estate of no more than $10,000.00 due to the nature of the assets as herein stated. Furthermore, the Trustee believes that the costs associated with marketing and selling the Remnant Assets at a public auction would far outweigh the potential benefit to be derived from a public sale of the Remnant Assets.

13. The sole obligation of the Trustee to Oak Point, or its successors, under the terms of the Purchase Agreement, is to execute and deliver documents evidencing and effectuating the transfer of the Remnant Assets as may become necessary following entry of the proposed Order submitted with this Motion so long as the Trustee is so empowered. The costs of the fulfilling such limited, post-sale obligations shall be borne by Oak Point or its successors. Neither the Trustee or the Estates have any further obligations to Oak Point, or its successors, related to recovery on the Remnant Assets.

14. As such, the Purchase Price proposed for the Remnant Assets represents a fair and reasonable sale price for such assets and is the highest and best offer for the sale of the Remnant

Assets in the Trustee's business judgment. The Trustee further submits that the sale of the Remnant Assets, in accordance with the terms of the Purchase Agreement, serves the best interest of the Debtors' Estates and its creditors. Accordingly, the Trustee respectfully requests that the Court approve the Purchase Agreement.

**Basis for the Relief Requested**

15. By this Motion, the Trustee seeks an order, pursuant to 11 U.S.C. §§ 105 and 363(b), (f) and (m), authorizing the Trustee to sell the Remnant Assets to Oak Point free and clear of all liens, claims, interests and encumbrances.

16. Section 363(b) of the Bankruptcy Code provides, in pertinent part, that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b), (1); see In re Ames Dept. Stores, Inc., 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992). In addition, section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

17. The proposed use, sale, or lease of property of the estate may be approved under section 363(b) of the Bankruptcy Code if it is supported by sound business justification. See In re Lionel Corp., 722 F.2d 1063, 1070-71 (2d Cir. 1983); In re Ionosphere Clubs, Inc., 184 B.R. 648 (S.D.N.Y. 1995); In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d Cir. 1986); In re Delaware & Hudson Ry. Co., 124 B.R. 169, 175-76 (D. Del. 1991); In re Martin (Myers v. Martin), 91 F.3d, 395 (3d Cir. 1996). Moreover, pursuant to section 105, the Court has expansive equitable powers to fashion any order or decree which is in the interest of preserving or protecting the value of the Debtors' assets. See, e.g., In re Chinichian, 784 F.2d 1440, 1443 (9th

4

Cir. 1986).

18. The Trustee's authority to sell the Remnant Assets is amplified in Bankruptcy Rule 6004(f)(1), which in relevant part states that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction," as well as Local Rule 6004-1(a) which in the relevant part states that "[t]he trustee may sell property of the estate that the trustee reasonably believes has an aggregate gross value of no more than $10,000 by public or private sale…"

19. In Lionel, one of the seminal and most widely followed cases dealing with asset sales, the Second Circuit determined that a sale of assets could be approved if the debtor or trustee could demonstrate an "articulated business justification" for the sale. In re Lionel, 722 F.2d at 1070. The Court further held that the factors to be considered in determining whether a sound business reason exists include the following:

> "the proportionate value of the asset to the estate as a whole, the amount of elapsed time since the filing…the effect of the proposed disposition…of the proceeds to be obtained from the disposition vis-à-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps, whether the asset is increasing or decreasing in value. This list is not intended to be exclusive, but merely to provide guidance to the bankruptcy judge."

Id. at 1071.

20. If a sound business justification exists, then a presumption attaches that the decision was informed, in good faith and in the honest belief that the action was in the best interests of the estate. In re Integrated Resources, Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992).

21. In addition to requiring sound business reasons to approve a sale pursuant to Section 363(b) of the Bankruptcy Code, many courts have required a showing that the price

to be obtained for assets be fair and reasonable; that the sale to the proposed purchaser was negotiated in good faith; and that it does not unfairly benefit insiders, the purchaser, or a certain creditor or class of creditors. <u>See</u>, e.g., <u>In re Channel One Communications</u>, 117 B.R. at 494-97; <u>In re Indus. Valley Refrig. & Air Cond. Supplies, Inc.</u>, 77 B.R. 15 (Bankr. E.D. Pa. 1987).

22. As stated herein, the Trustee does not believe the Remnant Assets have an aggregate gross value in excess of the $10,000.00 offered by Oak Point to the Estates due to the non-specifically identifiable nature of the assets, the lack of a ready or regular market, and costs of marketing and sale of such non-specific assets. Furthermore, the Trustee believes that the benefit of receiving immediate payment for unknown assets outweighs the potential benefits of retaining such assets. Moreover, the Trustee is not aware of any other potential buyer willing to pay more for the Remnant Assets.

23. Accordingly, the Trustee submits that the sale of the Remnant Assets is a prudent exercise of its business judgment under the circumstances and is in the best interest of the Debtors' Estates and its creditors. The Purchase Price for the sale is reasonable and has been negotiated at arm's length. Indeed, the Trustee is not aware of any future assets or claims that may be liquidated, obtained or otherwise administered for the benefit of the Debtors' Estates and creditors. Accordingly, the Trustee respectfully requests that the Court grant the Motion.

### **<u>Waiver of Stay</u>**

24. Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed for fourteen (14) days after the entry of the order unless the Court orders otherwise.

The Trustee requests that the Court order that such stay not apply with respect to the sale of the Remnant Assets.

### Notice

25.  Notice of this Motion has been given to (a) the Office of the United States Trustee; (b) all parties having filed a Notice of Appearance with the Court or having made a request for service in this case; and (c) Oak Point. The Trustee submits that such notice is proper and adequate and no further notice is required. The Trustee further requests that this Court determine that such notice is adequate and that other and further notice be waived.

26.  No prior application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that this Court grant the relief requested in the Motion, together with such other, further and different relief as the Court deems just and proper.

Dated: New York, New York
       November 10, 2017

TROUTMAN SANDERS LLP

By: /s/ Hugh M. McDonald
    Hugh M. McDonald
    Brett D. Goodman
    875 Third Avenue
    New York, New York 10022
    Telephone: (212) 704-6000

*Attorneys for the Trustee*

7

33236358v3